UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HECTOR MICHAEL MELGOZA, | ) | 1:12-cv—00181-AWO-SKO-HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATIONS TO |
| | ) | DISMISS THE PETITION FOR WRIT OF |
| | ) | HABEAS CORPUS (DOC. 1) WITHOUT |
| v. | ) | LEAVE TO AMEND FOR FAILURE TO |
| | ) | STATE A CLAIM COGNIZABLE IN A |
| J. HARTLEY, | ) | PROCEEDING PURSUANT TO 28 U.S.C. |
| | ) | § 2254 |
| Respondent. | ) | |
| | ) | FINDINGS AND RECOMMENDATIONS TO |
| | ) | DECLINE TO ISSUE A CERTIFICATE OF |
| | | APPEALABILITY AND TO DIRECT THE |
| | | CLERK TO CLOSE THE CASE |

**OBJECTIONS DEADLINE:
THIRTY (30) DAYS**

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 304. Pending before the Court is the petition, which was filed on February 8, 2012.

I. <u>Screening the Petition</u>

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus.

1

The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

Here, Petitioner alleges that he is an inmate of the Avenal State Prison serving a twenty-eight year sentence imposed in the

Kern County Superior Court in 2003 after his plea of nolo contendere to assault with great bodily injury in violation of Cal. Pen. Code. § 245(a)(2) with gang and firearm enhancements. Petitioner alleges that he was denied his right to the assistance of counsel when he was not advised of his right to have counsel present, and when counsel was not present, at a post-plea, pre-sentence interview with a probation officer who later authored a report that was considered by the sentencing court. Petitioner informed the probation officer that he did not want to proceed without counsel, but the officer continued to interview Petitioner. Petitioner's trial counsel failed to advise the Petitioner that he could raise his contention on appeal. (Pet. 1, 4, 7-8.)

Petitioner also alleges that although he appealed the conviction, he did not file any other petitions or applications in any court concerning the judgment. (Id. at 2, 5.)

II. Failure to State a Claim Entitling Petitioner to Federal Habeas Corpus Relief

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies to the petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997).

A district court may entertain a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court only on the ground that the custody is in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2254(a), 2241(c)(3); Williams v. Taylor, 529 U.S. 362,

375 n.7 (2000); Wilson v. Corcoran, 562 U.S. -, -, 131 S.Ct. 13, 16 (2010) (per curiam).

Title 28 U.S.C. § 2254 provides in pertinent part:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Clearly established federal law refers to the holdings, as opposed to the dicta, of the decisions of the Supreme Court as of the time of the relevant state court decision. Cullen v. Pinholster, - U.S. -, 131 S.Ct. 1388, 1399 (2011); Lockyer v. Andrade, 538 U.S. 63, 71 (2003); Williams v. Taylor, 529 U.S. 362, 412 (2000). It is thus the governing legal principle or principles set forth by the Supreme Court at the pertinent time. Lockyer v. Andrade, 538 U.S. 71-72.

The Sixth and Fourteenth Amendments guarantee the right to counsel only at critical stages of the criminal proceedings, which are the points where substantial rights of the accused may be affected. Kirby v. Illinois, 406 U.S. 682, 690 (1972); Mempa v. Rhay, 389 U.S. 128, 134 (1967). A denial of the Sixth and Fourteenth Amendment right to counsel can result in reversal only if the absence of counsel occurs at a critical stage in the adversary proceedings; if the stage is not critical, then there

4

can be no constitutional violation. Wainwright v. Torna, 455 U.S. 586, 587-88 (1982) (no deprivation of the effective assistance of counsel could have occurred because there was no constitutional right to counsel in proceedings for discretionary state post-conviction review). The United States Supreme Court has not provided a definitive list of the critical stages of a criminal prosecution. See, United States v. Benford, 574 F.3d 1228, 1232 (9th Cir. 2009).

Generally, with respect to sentencing, the assistance of counsel is guaranteed only when the defendant is confronted by agents of the prosecution who have an adversarial role in the sentencing process. In contrast, in pre-sentence interviews, a probation officer is not an agent of the prosecution, has no adversarial role in the sentencing proceedings, and acts as a neutral gatherer of information for the court. United States v. Leonti, 326 F.3d 1111, 1119-20 (9th Cir. 2003) (distinguishing probation interviews from the process of an accused's rendering substantial assistance to the prosecution). A post-guilty plea pre-sentence interview in a non-capital case is not a critical stage of adversary criminal proceedings. United States v. Benlian, 63 F.3d 824, 827-28 (9th Cir. 1995) (noting that the issue was effectively waived in the case before the court, but confirming the vitality of the pre-guidelines holding of Baumann v. United States, 692 F.2d 565 (9th Cir. 1982) that a routine pre-sentence interview of a person convicted of a non-capital federal offense is not a critical stage at which counsel's presence or advice is necessary to protect the defendant's right to a fair trial); but see United States v. Herrera-Figueroa, 918

F.2d 1430, 1433 (9th Cir. 1991) (declining to decide whether pre-sentence interviews were a critical stage for Sixth Amendment purposes but exercising the court's supervisory power to require probation officers to permit defense counsel to accompany federal defendants to all pre-sentence interviews).

If a pre-sentence interview is not a critical stage for Sixth Amendment purposes, it follows that the probation officer's failure to advise Petitioner of a non-existent right could not have constituted a violation of the Sixth Amendment. Cf. Baumann, 692 F.2d at 577 (concluding that because a probation interview was not inherently coercive, a probation officer need not give Miranda warnings). Likewise, counsel's failure to advise Petitioner concerning raising the absence of counsel at the interview could not have constituted ineffective assistance of counsel. Cf., James v. Borg, 24 F.3d 20, 27 (9th Cir. 1994) (concluding that counsel's failure to object could not have constituted ineffective assistance where an objection would have been futile because of an absence of legal merit).

Here, Petitioner has not stated specific facts concerning any circumstances that would indicate the absence of counsel occurred at a critical stage of the proceedings. Petitioner has submitted portions of the record of the state court sentencing proceedings which reflect that Petitioner was represented by counsel in the non-capital, state court proceedings. The record submitted by Petitioner shows that Petitioner was interviewed after his plea, and a probation report was prepared in anticipation of sentencing. The report of the probation officer was considered by the sentencing court. (Pet. 11-45.) Nothing

6

1 in the state court record reflects or even suggests that the
2 probation interview and the preparation and consideration of the
3 probation report were anything other than part of the routine
4 process customarily undertaken in a non-capital, criminal
5 proceeding.

6 Accordingly, the facts alleged by Petitioner and the record
7 submitted by Petitioner in support of the petition reflect an
8 absence of any facts concerning the absence of counsel or the
9 absence of any warnings concerning entitlement to counsel that
10 would entitle Petitioner to relief in a proceeding pursuant to 28
11 U.S.C. § 2254.

12 Further, to demonstrate the absence of the effective
13 assistance of counsel, petitioner must generally show that the
14 absence of counsel resulted in prejudice to the petitioner.
15 Strickland v. Washington, 466 U.S. 668, 691-92 (1984); United
16 States v. Cronic, 466 U.S. 648, 658 (1984).  The exceptional
17 cases involve a complete denial of counsel, an entire failure of
18 counsel to subject the prosecution's case to meaningful
19 adversarial testing, or circumstances such that no attorney could
20 provide effective assistance.  United States v. Cronic, 466 U.S.
21 648, 659-60.

22 Here, Petitioner was represented by counsel throughout the
23 court proceedings, including proceedings concerning his plea and
24 sentencing.  (Pet. 29-44.)  Petitioner has not shown that he
25 suffered any prejudice from the absence of counsel at the
26 probation interview.

27 Because Petitioner's pre-sentence interview with the
28 probation officer was not a proceeding at which Petitioner was

entitled to counsel, Petitioner would not be able to allege a tenable claim for relief if leave to amend were granted.[1]  It will, therefore, be recommended that the petition be dismissed without leave to amend.

### III.   Certificate of Appealability

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court.  28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right.  § 2253(c)(2).  Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.  Miller-El v. Cockrell, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in any procedural ruling.  Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of

---

[1] Because Petitioner's essential claim is not cognizable in this proceeding, the Court will not address Petitioner's failure to allege exhaustion of state court remedies.  (Pet. 1-2.)

8

the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong. Id. It is necessary for an applicant to show more than an absence of frivolity or the existence of mere good faith; however, it is not necessary for an applicant to show that the appeal will succeed. Miller-El v. Cockrell, 537 U.S. at 338.

A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Rule 11(a) of the Rules Governing Section 2254 Cases.

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner. Petitioner has not made a substantial showing of the denial of a constitutional right. Accordingly, it will be recommended that the Court decline to issue a certificate of appealability.

IV.  Recommendations

Based on the foregoing, it is RECOMMENDED that:

1) The petition for writ of habeas corpus be DISMISSED without leave to amend because Petitioner has not stated a claim that is cognizable in a proceeding pursuant to 28 U.S.c. § 2254; and

2) The Court DECLINE to issue a certificate of appealability; and

3) The Clerk be DIRECTED to close the case.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of

the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    March 8, 2012**                                /s/ Sheila K. Oberto
                                                       UNITED STATES MAGISTRATE JUDGE